**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elisandro VARGAS, Defendant–**
**Appellant.**

**No. 04–40762.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 21, 2006.

James Lee Turner, Renata Ann Gowie, Assistant U.S. Attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Elisandro Vargas, Pollock, LA, pro se.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Elisandro Vargas, federal prisoner # 06615–018, appeals from the denial of his 28 U.S.C. § 2255 motion challenging his conviction for possession with intent to distribute marijuana. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted a certificate of appealability (COA) on the issue whether *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was retroactively applicable to initial § 2255 motions.

During the pendency of Vargas's § 2255 appeal, we rendered *United States v. Brown,* 305 F.3d 304, 305 (5th Cir.2002), which held that *Apprendi* did not apply retroactively on initial collateral review, thereby foreclosing the issue on which a COA was granted. Vargas argues, however, that because *Apprendi* was decided during the pendency of his direct appeal, its new procedural rule is retroactively applicable to his case. Vargas, however, did not raise an *Apprendi*-type issue on direct appeal. *Cf. Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Instead, he raised an *Apprendi* issue for the first time in his initial § 2255 motion and, as such, is not entitled to relief. *See Brown,* 305 F.3d at 305.

In his supplemental brief, Vargas argues pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that he was illegally sentenced beyond the statutory maximum. Although the Supreme Court held *Blakely* applicable to the Sentencing Guidelines in *United States v. Booker,* 543 U.S. 220, 232–33, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we have recently held that *Booker*—like *Apprendi*—is not retroactively applicable to initial § 2255 motions. *United States v. Gentry,* 432 F.3d 600, 604 (5th Cir.2005).

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.